**UNITED STATES, Appellant,**

v.

**Charles L. PENDER, Appellee.**

No. 7007.

District of Columbia Court of Appeals.

Argued June 26, 1973.

Decided Sept. 19, 1973.

John C. Lenahan, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellant.

Joel M. Finkelstein, Washington, D. C., for appellee.

Before FICKLING, PAIR and HARRIS, Associate Judges.

FICKLING, Associate Judge:

The government appeals from the dismissal without prejudice of a one-count indictment charging appellee Charles L. Pender with manslaughter in violation of D.C.Code 1967, § 22-2405.* We affirm.

The indictment charges that:

On or about August 11, 1972, within the District of Columbia, Charles L. Pender feloniously, wantonly and with gross negligence, shot Gregory Coleman with a gun, thereby causing injuries from which the said Gregory Coleman died on or about August 11, 1972.

The trial court construed the indictment to charge only involuntary manslaughter

---

* D.C.Code 1967, § 22-2405, provides:
Whoever commits manslaughter shall be punished by a fine not exceeding one thousand dollars, or by imprisonment not exceeding fifteen years, or by both such fine and imprisonment.

The common law definition of manslaughter is used in the District of Columbia due to the absence of any statutory definition. Simon v. United States, 137 U.S.App.D.C. 308, 310, 424 F.2d 796, 798 (1970).

absent

main

and ordered the prosecution to proceed on that theory alone. Upon the government's refusal to go forward with its case, the indictment was dismissed without prejudice.

The issue to be resolved on appeal is whether the indictment—which alleges the accused "feloniously, wantonly and with gross negligence" shot the deceased—charged involuntary manslaughter only.

The government's basic contention is that the indictment sufficiently alleges both voluntary and involuntary manslaughter. Although the government concedes the words "wantonly and with gross negligence," as used in the indictment, charge the appellee with involuntary manslaughter, it argues the word "feloniously," as used in the indictment, is synonymous with "intentionally," therefore voluntary manslaughter is alleged as well.

We find the government's construction of the word "feloniously" as used in the indictment without merit. For its definition the government principally relies on United States v. Marzani, 71 F.Supp. 615, 618 (D.D.C.1947); Gambrell v. Commonwealth, 130 Ky. 513, 517, 113 S.W. 476, 480 (1908); Ball v. Commonwealth, 125 Ky. 601, 605, 101 S.W. 956, 960 (1907). These cases, nevertheless, are inapposite to the case here because they do not define the word "feloniously" as used in an indictment for involuntary manslaughter. Although there are many definitions of the word "feloniously," *see* Black's Law Dictionary 744 (4th ed. 1968); 16 Words and Phrases pp. 669–685 (Perm. ed. 1959), it is necessary to define the word with respect to the crime charged. Furthermore, when a word in an indictment is construed, it must be looked at with regard to the indictment as a whole. *Cf., e. g.,* McCoy v. United States, 169 F.2d 776, 779–780 (9th Cir. 1948).

The indictment here charges involuntary manslaughter and the word "felonious," when used with reference to involuntary manslaughter, is defined as without justification or excuse. 2 Burdick, The Law of Crime § 463 at 200. Thus, when we apply this definition to the indictment and look at the indictment as a whole, we find the word "feloniously" adds no additional charge against appellee. *Cf.* Story v. United States, 57 App.D.C. 3, 16 F.2d 342 (1926).

We hold that this indictment charges only involuntary manslaughter, and is not sufficient to charge both voluntary and involuntary manslaughter.

Affirmed.